UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHNNIE FUNDERBURKE,

                Plaintiff,

      v.

WESLEY CANFIELD, et al.,

                Defendants.
_____

DECISION & ORDER

13-CV-6128G

On March 8, 2013, *pro se* plaintiff Johnnie Funderburke ("plaintiff") filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that the defendant violated his constitutional rights by acting with deliberate indifference to his medical needs.  (Docket # 1).  Currently before this Court is plaintiff's third motion for the appointment of counsel.  (Docket # 34).

        Plaintiff's first motion for appointment of counsel was denied on the grounds that issue had yet to be joined and insufficient information existed to make the necessary assessment of plaintiff's claims under the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).  (Docket ## 5, 7).  Plaintiff's second motion for appointment of counsel was denied on the grounds that the legal issues in the case did not appear to be complex, it did not appear that conflicting evidence would implicate the need for extensive cross-examination at trial and plaintiff's case did not present any special reasons justifying the assignment of counsel.  (Docket ## 9, 11).  In the present motion, plaintiff has asserted that the legal issues presented by this case are complex, he has limited

access to the law library, he has limited knowledge of the law and he suffers from depression and anxiety. (Docket # 34).

The facts and issues presented by the complaint primarily involve whether defendants were deliberately indifferent to plaintiff's medical needs and do not appear complex. Although plaintiff contends that he suffers from depression and anxiety, he has not adduced any facts to suggest that his alleged conditions interfere with his ability to represent himself. Indeed, "plaintiff has not established that he is unable to represent himself[,] . . . [indeed] plaintiff has demonstrated an ability to articulate his legal theories to the Court." *Murray v. Kirkpatrick*, 2009 WL 791281, *1 (W.D.N.Y. 2009). Accordingly, for the reasons set forth in this Court's previous order, plaintiff's motion for the appointment of counsel (**Docket # 34**) is **DENIED without prejudice** at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                            *s/Marian W. Payson*
                                            MARIAN W. PAYSON
                                           United States Magistrate Judge

Dated: Rochester, New York
       May  22 , 2014