UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHNNIE FUNDERBURKE,

                Plaintiff,

      v.

WESLEY CANFIELD, et al.,

                Defendants.
_____

DECISION & ORDER

13-CV-6128G

On March 8, 2013, *pro se* plaintiff Johnnie Funderburke filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by acting with deliberate indifference to his medical needs. (Docket # 1). Currently pending before this Court are two motions filed by plaintiff: a motion to compel defendants to produce documents (Docket # 37); and, a motion for appointment of an "outside doctor" to conduct a medical examination of plaintiff and to offer testimony on his behalf (Docket # 38). For the reasons explained below, both motions are denied.

        Plaintiff's motion to compel is procedurally defective for two independent reasons. First, it is untimely. This Court's scheduling order required that all motions to compel be filed by no later than February 14, 2014. (Docket # 13). Plaintiff filed the pending motion on March 21, 2014, five weeks after the deadline. (Docket # 37). His motion neither explains why it was filed beyond the deadline, nor seeks permission for the late filing. Second, the motion does not demonstrate that plaintiff conferred with counsel for defendants in an effort to resolve the discovery disputes without resort to motion practice, as Rule 37(a)(1) of the Federal Rules of

Civil Procedure requires.  Counsel for defendants has represented that plaintiff did not attempt to confer with him before filing the motion.  For both these reasons, plaintiff's motion is procedurally infirm.

Irrespective of the procedural deficiencies, plaintiff's motion to compel lacks substantive merit.  Four of the seven requests (Nos. 4-7) were not the subject of a prior request for production of documents served on defendants' counsel.  (Docket # 43; *see also* Docket # 30).  The Court may not properly order defendants to produce documents they were never requested to produce through a properly-served discovery request.  *See* Fed. R. Civ. P. 37(a)(3)(B).  As to the three requests that were the subject of a prior discovery request (Nos. 1-3), defendants' overbreadth objections to Request Nos. 1 and 2 are sustained.  Defendants represent that there are no documents responsive to Request No. 3 because no rules exist regarding the treatment of prisoners with nerve damage.  (Docket # 43 at ¶ 13).  The Court lacks authority to order the production of that which does not exist.  *See Hallmark v. Cohen & Slamowitz*, 2014 WL 5017859, *4 (W.D.N.Y. 2014).

Plaintiff's second motion seeks the appointment of an "outside doctor" to conduct a medical examination of him pursuant to Rule 35 of the Federal Rules of Civil Procedure and to offer expert testimony on his behalf.  (Docket # 38).  Rule 35 generally governs requests made by one party to require another party to submit to a medical examination.  *See* Fed. R. Civ. P. 35(a); *see Smith v. Carroll*, 602 F. Supp. 2d 521, 526 (D. Del. 2009) ("Rule 35, however, does not vest the court with authority to appoint an expert to examine a party [even an indigent inmate] wishing an examination of himself").  Although plaintiff has the right to hire his own expert, "no civil litigant, even an indigent one, has the legal right to [a medical examination at taxpayer expense]."  *Id.*; *accord Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003)

(court properly denied indigent inmate's request to compel government to bear cost of hiring expert to testify on his behalf), *cert. denied*, 540 U.S. 1132 (2004).

## **CONCLUSION**

Accordingly, plaintiff's motion to compel **(Docket # 37)** and motion for appointment of an "outside doctor" **(Docket # 38)** are **DENIED**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       November 7, 2014